IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
May 9, 2001 Session

# THE CITY OF JOHNSON CITY, TENNESSEE v. STEVEN M. TAYLOR AND ELEASE R. TAYLOR

### Direct Appeal from the Circuit Court for Washington County
### No. 7843    Hon. Jean Stanley, Circuit Judge

### FILED JUNE 25, 2001

### No. E2000-02491-COA-R3-CV

In this condemnation action, defendants attempted to appeal during pendency of the action in the Trial Court. This Court determined there was no basis to treat the issue as either an interlocutory appeal or extraordinary appeal, and dismissed appeal.

**Tenn. R. App. P.3 Appeal as of Right; Judgment of the Circuit Court dismissed.**

HERSCHEL PICKENS FRANKS, J., delivered the opinion of the court, in which CHARLES D. SUSANO, JR., J., and D. MICHAEL SWINEY, J., joined.

Steven M. Taylor and Elease R. Taylor, *pro se.*

James D. Culp and James H. Epps, IV., Johnson City, for Appellee.

### OPINION

In this condemnation action, the plaintiff filed a Petition for an easement across defendants' property for a water/sewer service. Defendants answered and after a hearing plaintiff was granted permission to enter the property and construct the lines. Defendants moved for a Restraining Order to prevent commencement of construction on the property until a jury of view had

been empaneled and reported its findings. The Court overruled this Motion, but subsequently appointed a jury of view at the behest of the parties.

Defendants filed a Notice of Appeal as of right, but no final judgment had been entered, nor did defendants seek an interlocutory appeal pursuant to Tenn. R. App. P. Rule 9, or extraordinary appeal pursuant to Tenn. R. App. P. Rule 10.

After the various rulings, the defendants filed a "Motion for Continuance" asking the Court not to convene a jury of view "until this matter is resolved by the appropriate means". The Court, responding to defendants' Motion, Ordered that the "cause be continued indefinitely until construction is completed or as otherwise ordered by this Court".

When the Trial Court record was filed in this Court, the case was docketed and arguments were made by the parties. Essentially, it is the defendants' position that plaintiff had "no legal right" to bring the action, and that possession was granted prematurely before a jury was appointed. In connection with these arguments, we note that defendants conceded in the Trial Court that plaintiff had the right to take the easements, but their expressed concerns relate to damage to the remainder of their property and the procedures being followed by the Trial Court.

At the time of filing the Petition for Condemnation, the plaintiff posted a bond in accordance with Tenn. Code Ann. §7-35-403, which provides:

> **Condemnation or purchase of necessary property. -** Any city or town proceeding under the provisions of this part is authorized and empowered to condemn property for any and all purposes necessary for the proper completion of the works and the proper operation of the same. Where condemnation proceedings are employed, they shall be in accordance with the established laws of the state of Tennessee in title 29, chapter 16. Such cities and town are authorized to acquire by purchase any existing works, lands, rights, easements, franchises and any other property, real or personal, necessary to the proper completion and operation of the works. Title to property so condemned or purchased shall be taken in the name of the city or town. Where title to any property necessary to the completion or operation of the works is defective, authority is conferred to cure the defects by proper court proceedings. *Where a condemnation proceeding becomes necessary, right of possession may issue immediately upon filing proceedings for condemnation, upon the posting of a bond for the value of the property with the clerk of the court.* (Emphasis supplied).

We have examined the record before us, and have determined that the plaintiff has proceeded in this cause in accordance with the statutory procedures required of it to acquire the property. However, we are constrained to hold that an appeal of this action is not properly before this Court. The plaintiff neither asked for an interlocutory appeal, nor set forth any factual basis for an extraordinary appeal. Indeed, no issues are present in this record that merit treating this as an appeal pursuant to Tenn. R. App. P. Rule 9.

Accordingly, we dismiss appellants' appeal for the foregoing reasons, and remand, with the cost incurred on appeal assessed to appellants.

_____

HERSCHEL PICKENS FRANKS, J.